UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**DEBORAH LAUFER,**

    **Plaintiff,**

v.                                                    Case No. 3:20-cv-680-WMC

**MICHAEL S. RASMUS,**

    **Defendant.**

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

Plaintiff, Deborah Laufer, by and through undersigned counsel, hereby files this Memorandum In Opposition To Defendant's Motion To Dismiss.

**I.  Plaintiff Incorporates By Reference Her Prior Memorandum**

On September 14, 2020, at DE 6, Plaintiff filed her Memorandum In Response to the Order of this Court ("Standing Memorandum") requiring that she do so to explain her basis for standing. For the reasons and authorities set forth in that Memorandum, incorporated herein by reference as if set forth fully hereunder, Plaintiff submits that she has standing.

**II.  Additional Arguments Advanced By Defendant Are Unavailing**

    **A.  Harty v. West Point**

Defendant cites *Harty v. West Point Realty, Inc*., 7:19-cv-8800-VB, DE 29 (S.D. N.Y. 8/7/20). This case was appealed to the United States Court Of Appeals For The Second Circuit, No. 20-2672. The briefs have not yet been submitted in that case. Plaintiff submits that the *Harty* decision is based on reversible error for several reasons.

First, the *Harty* court refused to consider Harty's affidavit and therefore ignored the evidence

submitted by the plaintiff that he intended to visit the area and needed to stay in hotels. *Id*. at 8-9. By contrast, this Court can consider Laufer's affidavit on the same point. Additionally, the court acknowledged that the plaintiff had pled that he intended to revisit the hotel's ORS to test it for compliance "and/or to utilize the website to reserve a guest room and otherwise avail himself of the ... accommodations of the Property." *Id*. p. 7. Despite this acknowledgment, the court then stated that: "The complaint's allegations, taken as true, suggest only that plaintiff intends to return to the online reservation systems to test for statutory violations of the ADA visà-vis 28 C.F.R. § 36.302(e)(1)." *Id*. at 7. Thus, the *Harty* court refused to consider evidence and ignored the allegation that Harty intended to stay in area hotels. This stands in stark contrast to the present instance, where Laufer submitted an affidavit indicating her visits to New York and stay in hotels. DE 14-1, par. 5.

The *Harty* court also committed reversible error when it held that the allegations did not show the plaintiff's "plausible intention or desire to return" to the websites but for the barriers to access. *Id*. at 7. In this regard, the court made an improper credibility determination, in violation of the standards discussed in *Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 87 (2nd Cir. 2013)(where the jurisdictional disputed is interwoven with the underlying merits, the court must apply the standards of Rule 56 or 12(b)(6) and cannot make a credibility determination.) Moreover, in contrast to the *Harty* case, Laufer presented an affidavit which explained her system of maintaining a list of all hotels she has sued, marking the dates she visits the ORS of each, then revisits the same shortly after the case is filed, and again when the time arrives for the hotel's ORS to be required to be compliant. DE 14-1, at para. 8. Under *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790, at *7 (M.D. Fla. 2020), such a system of rechecking suffices to establish standing on this point.

The *Harty* court also held that plaintiff failed to "set forth any allegations suggesting [Harty's] ability to" visit the websites. Id. at 7-8. In this regard, the court demonstrated a complete misunderstanding of the nature of ORS discrimination. This was not a claim based on compatibility with screen reader software, where a vision impaired individual thus has difficulty in reviewing a commercial website. By contrast, an ORS case involves the failure of a hotel to provide the information that is required by the Regulation. The ability to navigate the ORS is not relevant.

Moreover, the *Harty* Court's reasoning is flawed in light of the plain language of the Statute and Regulation and the weight of authorities cited in Plaintiff's Standing Memorandum. The *Harty* Court failed to properly apply Supreme Court authorities or the rules of statutory construction.

**B.     Judge Sannes Orders**

Defendant cites *Laufer v. Laxmi & Sons, LLC* and several other cases in which Judge Sannes of the Northern District of New York issued orders requiring that Plaintiff file a memorandum to explain her standing to sue. However Judge Sannes issued no ruling that Laufer lacks standing, but merely ordered Laufer to file a memorandum on the subject.

**C.     The Defendant Is Governed By The ADA**

Defendant frivolously argues that the ADA does not apply to its hotel because it was constructed prior to the ADA's effective date. Based on this disingenuous argument, Defendant then argues that Plaintiff's action is so lacking in merit that Defendant should be awarded its attorney fees.

Despite making this argument, Defendant also acknowledged that the ADA DOES INDEED APPLY to its hotel, citing the barrier removal requirement set forth in 42 U.S.C. Section 12182(b)(2)(A)(iv), but then claims that the ADA doesn't apply because it never engaged in any

barrier removal. Accordingly, Defendant's argument that the ADA does not apply to its hotel is completely frivolous and deliberately misleading.

Indeed, 42 U.S.C. Section 12182(b)(2)(A)(iv) expressly requires that places of public accommodation built prior to the ADA's effective date remove barriers to the extent they are readily achievable. A barrier has been defined as a feature that fails to comply with the applicable standards, (either the 1991 ADA Standards or 2010 ADA Standards). *Chapman v. Pier I Imports, Inc.*, 631 F.3d 939, 948 n.5 (9th Cir. 2011). The Department of Justice, charged with promulgating the regulations, published the Technical Assistance Manual (www.ada.gov/taman3) which provides, at Section III-4.4400, that the obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances.

At 28 CFR 36.304, the DOJ provides a non-exclusive list of barriers to be removed.

(1) Installing ramps; (2) Making curb cuts in sidewalks and entrances; (3) Repositioning shelves; (4) Rearranging tables, chairs, vending machines, display racks, and other furniture; (8) Widening doors; (9) Installing offset hinges to widen doorways; (11) Installing accessible door hardware; (12) Installing grab bars in toilet stalls; (13) Rearranging toilet partitions to increase maneuvering space; (14) Insulating lavatory pipes under sinks to prevent burns; (15) Installing a raised toilet seat; (16) Installing a full-length bathroom mirror; (17) Repositioning the paper towel dispenser in a bathroom; (18) Creating designated accessible parking spaces.

This regulation further sets forth priorities for barrier removal:

A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
(1) First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.
(2) Second, a public accommodation should take measures to provide access to those areas of a place of public accommodation where goods and services are made available to the

    public. These measures include, for example, adjusting the layout of display racks, rearranging tables, ... widening doors, ... and installing ramps.
    (3) Third, a public accommodation should take measures to provide access to restroom facilities. These measures include, for example, removal of obstructing furniture or vending machines, widening of doors, installation of ramps, providing accessible signage, widening of toilet stalls, and installation of grab bars.
    (4) Fourth, a public accommodation should take any other measures necessary to provide access to the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

28 CFR 36.304( c). 42 U.S.C. Section 12183(b) requires that all altered portions of a facility be "readily accessible to and usable by disabled persons" "to the maximum extent feasible". The regulations explain that such barrier removal measures or alterations must comply with the ADAAGs to the maximum extent feasible. See 28 C.F.R. 36.304(d), 28 C.F.R. 36.402; 28 C.F.R. 36.306.[1] This means that the alteration must fully comply with the ADAAG unless it is literal compliance is "virtually impossible". 28 C.F.R. Section 36.402( c).

  Thus, the ADA applies to the physical conditions at Defendant's hotel even though it was constructed prior to the effective date. Defendant brazenly admits in its brief and Affidavit that it has made no effort whatsoever to comply with its barrier removal obligations and, thus, intentionally discriminates against disabled persons.

  Defendant's obligations to comply with the Regulation are completely separate and apart from its obligations to have brought the physical conditions of its hotel into compliance with the barrier removal requirements. In this regard, the Department of Justices published a guideline pursuant to the Regulation governing hotel reservations services, Attached hereto as Exhibit A. In

---

   [1]28 C.F.R. Part 36.304(d) provides that barrier removal measures shall comply with the requirements applicable to alterations under parts 36.402 and 36.404 through 36.306. 28 C.F.R. Part 36.306 provides that alterations must comply with either the ADAAGs or 2010 ADA Stds., depending on the date the alteration was implemented.

this regard, the DOJ states:

> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above [pertaining to compliant rooms], **these hotels should provide information about important features that do not comply with the 1991 Standards**. For example, if the door to the "accessible room or bathroom is narrower than required, this inform should be included (e.c. door to guest room measures 30 inches clear). This width may not meet current standards but may be adequate for some wheelchair users who use narrower chairs. In many cases, older hotels provide services through alternatives to barrier removal, for example, by providing check-in or concierge servises at a different, accessible location.

*Id.* at p. 78 (emphasis added). In other words, Defendant's ORS is required to identify all features that are required to be in compliance with the applicable standards for accessible design and describe how they are not in compliance. For example, Defendant represents that none of its rooms are "completely" ADA compliant, but fails to clarify whether this means that some are partially compliant or completely non-compliant. In any event, its ORS must provide information on this issue, indicating either that there are no accessible rooms or what features comply with the standards and what features do not. It must also indicate whether or not it has handicap parking spaces, compliant check-in counter, compliant common area restroom and whether or not any other features of the hotel are compliant.

   **D.**  **Defendant Is Not Entitled To Attorneys Fees**

Defendant argues that it is entitled to its attorney fees pursuant to 42 U.S.C. Section 12205 because Plaintiff's lawsuit is frivolous. Defendant makes two arguments in support of its claim for entitlement to fees. First, Defendant asserts that its hotel is not governed by the ADA because they never made any attempt to comply with it since it was enacted 30 years ago. For the reasons set forth above, this argument is itself completely frivolous.

Defendant's second argument is that Plaintiff's action is frivolous because she lacks standing. However, for the reasons set forth in Plaintiff's Standing Memorandum, the plain language of the Statute and Regulation, as well as the ample case law cited therein, establish that Plaintiff has standing and has suffered actionable injury-in-fact.

Even if this Court grants dismissal based on jurisdictional grounds, the requirements for such an award under 42 U.S.C. Section 12205 have not been met.

First, this Section only provides for an award of fees to the "prevailing party". First, the Supreme Court had defined "prevailing party" in civil rights contexts in *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 603-04 (2002). This requires that such a party had obtained either an enforceable judgment or court ordered consent decree. *Id*. Courts have held that dismissal for lack of standing to sue fails to meet this threshold requirement. See *Access 4 All, Inc. v. Partners Of Kings Point, Ltd.*, 10-80779, DE 91 (S.D. Fla. 3/8/2012), Exhibit B attached hereto, (dismissal for lack of standing does not make defendant "prevailing party"): *National Alliance For Accessibility, Inc. And Denise Payne v. Bhuna Corp*., Case No. 1:11-cv-79, DE 34 (W.D. N.C. April 10, 2012), Exhibit C attached hereto (same); *Jeffrey Joel Judy v. Pingue*, Case No. 2:08-cv-859, DE 42, p. 9 fn. 1 (S.D. Oh. Nov. 25, 2009), Exhibit D attached hereto (denying fees to defendant after dismissing case for lack of standing).

Under Fed. R. Civ. P. 41(b), a dismissal for lack of jurisdiction is NOT an adjudication on the merits.

Even if Defendant were found to be the "prevailing party" it still is not entitled to fees. In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), the Supreme Court held that for a plaintiff to be liable under this Section, his or her action must have been "'unfounded, meritless,

7

frivolous or vexatiously brought[]'", or "where the action brought is found to be unreasonable, frivolous, meritless or vexatious." The Court stated that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*. at 421-22. See also *Adkins v. Briggs & Stratton Corp*., 159 F.3d 306, 307 (7th Cir. 1998).

As stated above and as referenced in Plaintiff's Standing Memorandum, Plaintiff has ample statutory, regulatory and case law in support of her standing. Therefore, even if this Court disagrees, Plaintiff's claims are not unfounded, meritless, frivolous, unreasonable or vexatious as required by *Christiansburg*.

### E. Defendant's Attempt To Distinguish *Havens Realty* Is Meritless

Defendant speciously argues that *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), is inapposite because this Defendant is not required to comply with the ADA. For the reasons set forth above, Defendant's argument is completely lacking in merit and, therefore, *Havens Realty* is directly on point.

### F. Defendant's Reference To Judge Sannes' Orders are unavailing

At p. 14 of its Brief, Defendant references several orders issued by Judge Sannes, from the Northern District Of New York. However, in those cases, Judge Sannes did nothing more than order Plaintiff to file briefs explaining her standing to sue. Despite the briefing been filed several months

ago, the court has yet to issue any dispositive ruling.

### G. Defendant's Argument That Plaintiff Should Have Telephoned Hotel Is Legally Flawed

Defendant argues that Plaintiff could have obtained the information by other means, specifically by telephone. This argument has been previously made and rejected.

In <u>Poschman v. Coral Reef Of Key Biscayne Developers, Inc.</u>, 2018 U.S. Dist. Lexis 87457 (S.D. Fla. 5/22/18), one Court in this District rejected an identical argument. There, the defendant had argued that the disabled plaintiff could have called the hotel by telephone or by emailing the hotel through information on its "Contact Us" tab on the website. The Court rejected this argument, stating:

> The relevant regulation provides that a reservation for an accessible guest room must be able to be made "during the same hours and in the same manner as individuals who do not need accessible rooms." § 36.302(e)(1)(i). Guidance published by the DOJ on the regulation further clarifies its meaning. See <u>Thomas Jefferson Univ. v. Shalala</u>, 512 U.S. 504, 512, 114 S. Ct. 2381, 129 L. Ed. 2d 405 (1994) (giving "substantial deference" and "controlling weight" to an agency's interpretation of its own regulations). The guidance provides that "basic nondiscrimination principles mandate that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms. 28 C.F.R. Pt. 36, App. A, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities (Mar. 15, 2011) (hereinafter "DOJ Guidance") (emphasis added) (rejecting comments by hotels to change language to "in a substantially similar manner" from "in the same manner"). Irrespective of whether individuals seeking to make reservations can do so by telephone or by email, it is readily apparent that individuals seeking to reserve accessible hotel rooms cannot do so on the Website in the same manner — with the same efficiency, immediacy, and convenience — as those seeking to reserve non-accessible guest rooms. § 36.302(e)(1)(I).

2018 U.S. Dist. Lexis 87457 at **10-11. See also <u>Juscinska v. Paper Factory Hotel, LLC</u>, 2019 U.S. Dist. Lexis 92550 **9-10 (S.D.N.Y. 2019)(ability to telephone or email hotel is not "same manner" and therefore not a viable defense).

### H. Defendant's Reference To Venue Lacks Merit

Although Defendant presents no authorities on the issue, it makes a vague challenge to the propriety of Plaintiff having filed her action in this District, where the Defendant's hotel is located. 28 U.S.C. Section 1391(b)(2) provides that venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated..." In *Poschmann v. Ponte Vedre Corp.*, 2018 U.S. Dist. Lexis 217469 (S.D. Fla. 2018), one court held that venue was only proper in the district where the hotel is located.

### III. Conclusion

For the reasons set forth above in addition to Plaintiff's Standing Memorandum, Defendant's Motion To Dismiss should be denied.

Respectfully submitted,

Attorney for Plaintiff

Kathy L. Houston, Esq., Of Counsel
THOMAS B. BACON, P.A.
15321 S. Dixie Highway, Suite 205
Miami, FL 33157
Tel: 305-420-6609
Fax: 786-441-4416
Email: CourtDocs@HoustonLawFL.com

By:       /s/ *Kathy L. Houston*           .
Kathy L. Houston, Esq.
Florida Bar No. 56042

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that the foregoing document is being served this 25th day of October 2020, on counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### SERVICE LIST

Rolf Fiebiger, Esq., Fiebiger Law, LLC, counsel for Defendant, Michael S. Rasmus d/b/a Harbor's Edge Motel, email: rolf@fiebigerlaw.com

      /s/ Kathy L. Houston            .
Kathy L. Houston, Esq.