UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Deborah Laufer,<br><br>   Plaintiff,<br><br>   v.<br><br>Michael S. Rasmus, d/b/a<br>Harbor's Edge Motel,<br><br>   Defendant. | Case No: 3:20-CV-680-WMC<br><br>**DEENDANT'S REPLY<br>MEMORANDUM<br>IN SUPPORT OF HIS<br>MOTION TO DISMISS OR<br>FOR SUMMARY<br>JUDGMENT** |

Plaintiff, given the opportunity to respond to dispositive case law from this District and binding precedent from the Seventh Circuit, declined to do so. Because the legal principles set forth in the case law are clear that Plaintiff lacks standing, Defendant's motion should be granted, Plaintiff's claims should be dismissed with prejudice, and as the prevailing party Defendant should be awarded his fees and costs.

**1. Dispositive Binding Precedent Require this Court to Dismiss Plaintiff's Case**

In Plaintiff's Opposition, Ms. Laufer continues to assert that an indeterminant intent to stay in a hotel sometime in the future is enough to suffer an injury for purposes of standing, for example arguing vociferously that *Harty v. West Point Realty*, --- F.Supp.3d ----, 2020 WL 4570595, (S.D.N.Y. Aug. 7, 2020) was wrongly decided. Pl. Opp. at pp. 1-3. But Plaintiff's disagreement with the law does not change the law. On essentially this same complaint, the Court in *Harty* dismissed the claims for lack of standing. This Court should do the same.

Further, in arguing *Harty* is wrongly decided, Plaintiff focuses on the *Harty* Court's alleged lack of consideration of Mr. Harty's "inten[tion] to stay in area hotels," arguing this allegation is enough to show an injury. Pl. Opp. at p. 2. However, Plaintiff's attempt to distinguish *Harty* entirely disregards the main authorities from this District and this Circuit outlined in Defendant's opening brief. In fact, Plaintiff does not even address these cases in her briefing. Understandably so, based on the content of those opinions, as they are clear that Plaintiff lacks standing. In *Scheibe v. National Bd. of Medical Examiners,* 424 F.Supp.2d 1140 (W.D. Wis. 2006), the Court set forth the principle a plaintiff seeking injunctive relief must be "immediately in danger of sustaining some direct injury." *Scheibe*, 424 F.Supp.2d at 1144. Even if Plaintiff is to be believed,[1] and she does in fact intend – just as soon as the pandemic subsides – to visit 15 different states around the country on her next vacation even though she says in her complaint that she has trouble getting around at all without a wheelchair, having an intent to come to Wisconsin sometime in the future is not an immediate danger. *Id.*

This principle was crystalized in *Scheibe*, where a medical student who had already passed the Step 1 and Step 2 board exams but had not registered for the Step 3 board exams was found to not have standing when bringing a claim for refusal to accommodate. *Scheibe*, 424 F.Supp.2d at 1143-44. The plaintiff had been refused an accommodation for the first

---

[1] Which, when seeking permanent injunctive relief, this court is not required to do. In fact, in seeking permanent injunctive relief, the Plaintiff must provide admissible evidence satisfying all of the elements that would afford a permanent injunction. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594 (7th Cir. 2007) (citing *Walgreen Co. v. Sara Creek Property Co., B.V.,* 966 F.2d 273, 275 (7th Cir. 1992)).

two exams, presumed he would be refused for the third, and filed suit on that basis. *Id.* at 1144. Even on those facts, the Court in this District found he had not experienced an injury that conveyed standing. *Id.* at 1145. There is even a finite amount of time for completion of the Step 3 exam, something Laufer does not have.[2] "Speculation or a possibility of future harm is not sufficient to support standing to seek injunctive relief." *Id.* at 1145 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 110, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Palmer v. City of Chicago*, 755 F.2d 560, 572 (7th Cir. 1985)). The plaintiff in *Scheibe* was much closer to suffering a direct injury than is Ms. Laufer, and he was found to not have standing. Plaintiff here also has no standing to bring her suit, and it should be dismissed.

Even after being given two chances to address it (once directly by this Court, the other in response to Defendant's motion), Plaintiff also fails to discuss critical and dispositive sections of *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019). "A tester must still satisfy the elements of standing, including the injury-in-fact requirement." *Carello*, 930 F.3d at 833 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374-75, 102 S.Ct. 1114 (1982)). "And because [Laufer] seeks injunctive relief, [she] must also demonstrate that [s]he faces a 'real and immediate' threat of future injury..." *Carello*, 930 F.3d at 833. "Indignation is not an injury-in-fact." *Id.* at 834 (citing *Clay v. Fort Wayne Cmty. Sch.*, 76 F.3d at 873, 879 (7th Cir. 1996)). Real and immediate threat is not satisfied by a general averment of intention to do something in the future. *Scheibe*, 424

---

[2] The current deadline is six years after completing the first step exam. Federation of State Medical Boards, CRITICAL ANNOUNCEMENTS, https://www.fsmb.org/step-3/step-3-announcements/ (last accessed October 27, 2020).

3

F.Supp.2d at 1145. Plaintiff has failed to address dispositive sections of binding precedent on this Court's ruling. She has not suffered an injury-in-fact; she has, at best, set herself up to suffer an injury later, once she actually decides to come to Wisconsin. Her claims should be dismissed for lack of standing.

### 2. Harbor's Edge is Not Required to Satisfy the 2010 Construction Standards

Without citation, Plaintiff apparently reads Defendant's opening brief as arguing the ADA itself does not apply, then spends four pages arguing that Harbor's Edge is covered by the ADA. Pl. Opp. at pp. 3-6. But it is the 2010 construction requirements that do not apply to Harbor's Edge, not the ADA itself. Any statements in Defendant's opening brief that convey that the entire ADA does not apply were inadvertent and unintentional. It is the intent of the law to have all places of public accommodation built prior to 1993 make modifications that are readily available, and Harbor's Edge has made readily achievable changes to its buildings as required by the ADA. Rasmus Aff. at ¶¶ 5-9. But none of their rooms are compliant with the 2010 standards because, as buildings built prior to 1993, the law does not require them to modify their entire building to bring them into compliance with these standards. Consequently, not listing their rooms as "ADA Compliant" on their website is, in fact, compliant with the law.

### 3. Plaintiff's Procedural Failures and Discernible Underlying Intent Should Permit Defendant to Recover His Attorney Fees and Costs

In the end, this lawsuit is not about accessibility. It is a small part of a nationwide shakedown of more than 460 boilerplate complaints engineered by a plaintiff and an opportunistic law firm to make money off of small businesses across the country, lining

their own pockets through injunctions and quick settlements. And Defendant will be a "prevailing party" under the ADA when this case is dismissed for lack of standing. With that backdrop, and because of Plaintiff's failure to follow the rules of procedure when serving the documents, and because Plaintiff could have discovered the baselessness of her claims with any sort of "reasonable investigation" as required by Rule 11, this case should be dismissed with prejudice and Plaintiff should pay Defendant's costs and fees for responding to this lawsuit.

## **CONCLUSION**

As articulated in Defendant's opening brief, Plaintiff lacks standing to pursue this lawsuit, and Defendant's website is compliant because Harbor's Edge has no ADA compliant rooms to list. Plaintiff's claims should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Further, because this action is not intended to enforce the ADA but instead to line the pockets of the plaintiff and her counsel, because Defendant is the prevailing party under the ADA, and because Plaintiff failed to comply with FRCP 5, and because the evidence shows "reasonable investigation" could have prevented the filing of this action in the first place, Defendant requests Plaintiff be ordered to pay his costs and fees in defending this lawsuit in accordance with 42 U.S.C. §12205.

    Respectfully Submitted,

**FIEBIGER LAW LLC**

Dated: October 30, 2020    s/Rolf T. Fiebiger
    Rolf T. Fiebiger, MN #391138
    6800 France Ave S., Suite 190

Edina, MN 55435
Phone: 612.888.6084
rolf@fiebigerlaw.com

**Attorney for Defendant Michael S. Rasmus, d/b/a Harbor's Edge Motel**